IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TAMMIE BUSBY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0224-BD |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tammie Busby seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the decision is affirmed.

I.

Plaintiff alleges that she is disabled due to a variety of physical and mental impairments, including low back pain, depression, and anxiety. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on February 18, 2010. At the time of the hearing, plaintiff was 46 years old. She is a high school graduate with two years of college, and has past work experience as a veterinary receptionist/lab tech and a pet sitter. Plaintiff has not engaged in substantial gainful activity since May 21, 2005.

The ALJ found that plaintiff did not have an impairment or combination of impairments that significantly limited her ability to perform basic work activities for 12 consecutive months through December 31, 2005 -- the date she was last insured for disability benefits. On administrative review,

the Appeals Council determined that the ALJ did not apply the proper severity standard in reaching his disability decision.   Nevertheless, after reviewing the record and applying the correct legal standard,[1] the Appeals Council concluded that plaintiff's low back pain, depression, and anxiety were not severe impairments.   Plaintiff then filed this action in federal district court.

## II.

In two grounds for relief, plaintiff contends that:  (1) the ALJ used the wrong legal standard in evaluating the severity of her impairments; and (2) substantial evidence does not support the finding that her physical and mental impairments are not severe.

## A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993).  It is more than a scintilla but less than a preponderance.  *See Richardson*, 91 S.Ct. at 1427.  The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a).  The Act defines "disability" as the inability to engage in substantial gainful

---

[1] The Appeals Council invited plaintiff to "send us more evidence or a statement about the facts and the law in your case[.]"  (*See* Tr. at 100).  Plaintiff did not submit any new evidence or argument to the Appeals Council.

activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally,* 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

Plaintiff contends that the ALJ failed to apply the correct legal standard for determining the severity of her alleged impairments. The applicable social security regulation provides:

> If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.

20 C.F.R. § 404.1520(c). Notwithstanding the plain language of this regulation, the Fifth Circuit has held that a literal application of section 404.1520(c) would exclude far more claimants than the statute intended. *See Loza v. Apfel*, 219 F.3d 378, 391 (5th Cir. 2000), *citing Stone v. Heckler*, 752 F.2d 1099, 1104-05 (5th Cir. 1985). As a result, "an impairment can be considered as not severe

only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101, *quoting Estran v. Heckler*, 745 F.2d 340, 341 (5th Cir. 1984). Where the correct standard is not set forth by reference to *Stone* or by an express statement recognizing the proper construction of the regulation, the court must presume that the ALJ and Appeals Council applied an incorrect standard in evaluating the severity of plaintiff's impairments. *See Stone*, 752 F.2d at 1106; *Eisenbach v. Apfel*, No. 7-99-CV-186-BC, 2001 WL 1041806 at *6 (N.D. Tex. Aug. 29, 2001).

Although the ALJ did not mention *Stone* or otherwise acknowledge the proper construction of section 404.1520(c), (*see* Tr. at 13-20), the Appeals Council reviewed the evidence under the proper severity standard. (*See id.* at 4-5, 100). It is the Appeals Council's decision -- *not* the ALJ's decision -- that constitutes the Commissioner's "final decision" for purposes of judicial review. *See Sims v. Apfel*, 530 U.S. 103, 106-07, 120 S.Ct. 2080, 2083, 147 L.Ed.2d 80 (2000), *citing* 42 U.S.C. § 405(g). The Appeals Council found that:

> The claimant does not have any medically determinable impairment or combination of impairments, which is more than a slight abnormality having such a minimal effect on an individual that it would not be expected to interfere with the individual's ability to work irrespective of age, education or work experience. Therefore, the claimant does not have a severe impairment. The standards in "Stone v. Heckler" were considered in making this finding.

(Tr. at 5) (internal citation omitted). This language shows that the Commissioner, through the Appeals Council, applied the proper legal standard in evaluating the severity of plaintiff's physical and mental impairments.[2]

---

[2] Indeed, plaintiff does not even mention the Appeals Council decision in her opening brief. Rather, plaintiff challenges that decision for the first time in her reply brief. Not only is the court not required to consider arguments presented for the first time in a reply, *see Ghoman v. New Hampshire Ins. Co.*, 159 F.Supp.2d 928, 936 n.2 (N.D. Tex.

C.

Plaintiff also argues that substantial evidence does not support the finding that her low back pain, anxiety, and depression were not severe as of December 31, 2005. The court will examine plaintiff's alleged physical and mental impairments separately.

1.

In an attempt to show that her back pain was severe as of the relevant date, plaintiff relies on entries in her medical records, which document symptoms such as "tenderness" over the lumbar spine, "tender points" throughout her body, shoulder pain on overhead abduction, "palpable muscle tender/spasm" in the right dorsal region, and "sciatic pain" when carrying her baby and equipment. (*See* Tr. at 314-15, 331-33). However, the diagnosis of symptoms or a condition, without more, is insufficient to establish that a condition is "severe." *See Musgrove v. Astrue*, No. 3-07-CV-0920-BD, 2009 WL 3816669 at *3 (N.D. Tex. Nov. 13, 2009) (citing cases). Plaintiff bears the burden of proving that the diagnosed condition limits or interferes with her ability to engage in work related activities. *Id.*; *see also McClatchy v. Barnhart*, No. ASA-03-CA-0914-X, 2004 WL 2810100 at *6 (W.D. Tex. Dec. 3, 2004), *rec. adopted*, 2005 WL 1593395 (W.D. Tex. Jun. 30, 2005). Here, plaintiff merely asks the court to assume that back pain limited her ability to work. But she does not identify any particular limitation or point to any objective medical evidence that would support her contentions. No treating or consulting physician ever placed any restrictions on plaintiff's ability to perform work activities because of her back pain. Notably, while the medical records indicate that plaintiff experienced back pain from carrying her baby and equipment, it does not appear that she was ever told to cease or limit those activities during the relevant time period. (*See* Tr. at 314-15).

---

2001) (citing cases), but plaintiff has failed to show that the Appeals Council applied the wrong standard in evaluating the severity of her physical and mental impairments.

The first indication of any functional limitation related to plaintiff's back condition is an examination note dated May 7, 2008 -- more than *two years* after her insured status expired. (*See id.* at 304-13). This evidence does not show, or even suggest, that plaintiff's back condition was "severe" at any time on or before December 31, 2005.

2.

Plaintiff relies on the following evidence to establish that her alleged mental impairments were severe:

- a form completed by Cheryl Kuhn, a licensed professional counselor at Lakes Regional MHMR Center, indicating that plaintiff suffered from mild recurrent major depressive disorder and anxiety disorder, and had a GAF score of 48;[3]

- a psychiatric evaluation performed by Dr. Lark Hughes on April 18, 2005, diagnosing plaintiff with mild recurrent major depressive disorder and anxiety disorder manifested by, *inter alia,* moderately anxious and moderately sad facial expressions, moderately labile affect, moderately depressed and mildly sad mood, mild impulsive behavior, mild increased psychomotor activity, and mild excessive speech; and

- examination notes from Live Oak Professional Center, dated July 8, 2005 and October 6, 2005, reporting plaintiff's history of anxiety and panic attacks, and prescribing Xanax.

(*See* Tr. at 221-23, 227-29, 314, 317). As with plaintiff's alleged back impairment, the vast majority of this evidence establishes only a diagnosis of symptoms or a condition, which does not prove that an impairment is "severe." *See Musgrove*, 2009 WL 3816669 at *3. Again, plaintiff essentially asks the court to assume that her anxiety, depression, and related symptoms limited her ability to perform

---

[3]   GAF, or global assessment of functioning, is a standardized measure of psychological, social, and occupational functioning used in assessing a patient's mental health. *See Boyd v. Apfel*, 239 F.3d 698, 700 n.2 (5th Cir. 2001). The GAF scale ranges from a high of 100, denoting superior functioning, to a low of 1, indicating that the patient is in persistent danger of severely hurting herself or others, has persistent inability to maintain minimal personal hygiene, or has engaged in a serious suicidal act with a clear expectation of death. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") at 34 (4th ed. text rev. 2000).

basic work activities on or before December 31, 2005. Yet the record is devoid of any such evidence. In fact, Dr. Leela Reddy, a state agency medical consultant, concluded that there was insufficient evidence to assess plaintiff's mental functioning prior to the date she was last insured. (*See* Tr. at 381-93).

The only evidence related to plaintiff's mental condition that even comes close to establishing some type of functional limitation is her GAF score. (*See id.* at 228). However, a GAF score does not directly correlate to an individual's ability to work, and "is not determinative of a disability." *Nickerson v. Astrue*, No. 3-07-CV-0921-BD, 2009 WL 321298 at *5 (N.D. Tex. Feb. 6, 2009); *see also Hill v. Astrue*, No. H-08-3160, 2009 WL 2901530 at *7 (S.D. Tex. Sept. 1, 2009), *citing* 65 Fed.Reg. 50746, 50764-65 (Aug. 21, 2000). A GAF score of 48 indicates "serious symptoms," such as suicidal ideation, severe obsessional rituals, or frequent shoplifting, *or* "any serious impairment in social, occupational, or school functioning," which may include the inability to keep a job. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders ("DSM-IV-TR") at 34 (4th ed. text rev. 2000) (emphasis in original). Not only is there no evidence in the record that plaintiff's GAF score was the result of a "serious impairment" that affected her ability to work, but plaintiff *was* working at a veterinary clinic at the time she was tested -- a job she held for approximately four more months until her daughter was born in May 2005. (*See* Tr. at 183-84, 317).[4] Without *some* evidence that plaintiff received a low GAF score because of a "serious impairment" in occupational functioning, that score does not prove the existence of a severe impairment. *Hill*, 2009 WL 2901530 at *7; *see also Cainglit v. Barnhart*, 85 Fed. Appx. 71, 74-75,

---

[4] There is conflicting evidence in the record as to why plaintiff left her job at the veterinary clinic. Although plaintiff states that she stopped working because of her disability, (*see* Tr. at 155), other evidence suggests that plaintiff may have been terminated after an argument with her employer, (*see id.* at 294), or quit work to help care for her daughter, (*see id.* at 376).

2003 WL 22963117 at *3 (10th Cir. Dec. 17, 2003) (absent evidence that examiner assigned a low GAF score to plaintiff because of a perceived inability to work, the score does not establish a severe impairment); *Quaite v. Barnhart*, 312 F.Supp.2d 1195, 1200 (E.D. Mo. 2004) (same).

3.

The court recognizes that the severity standard at Step 2 of the sequential evaluation process requires plaintiff to make only a "*de minimis* showing that her impairment is severe enough to interfere with her ability to work." *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992). Even under this *de minimis* standard, plaintiff has failed to establish that her back pain, depression, or anxiety interfered with her ability to engage in work related activities as of December 31, 2005 -- the date she was last insured for disability benefits. Thus, the Commissioner's final decision is supported by substantial evidence. *See Hawkins v. Astrue,* No. 3-09-CV-2094-BD, 2011 WL 1107205 at *3-5, 7 (N.D. Tex. Mar. 25, 2011) (affirming denial of disability benefits where no objective medical evidence established that any alleged impairment affected plaintiff's ability to work).

## CONCLUSION

The Commissioner's final decision is affirmed in all respects.

SO ORDERED.

DATED:  March 21, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE